UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITES STATES OF AMERICA )<br>)<br>v. )<br>)<br>CRYSTAL GREENLAW, )<br>)<br>Defendant ) | No. 1:19-cr-00171-LEW |

### ORDER ON DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

On November 3, 2022, I sentenced Crystal Greenlaw to a 120-month term of imprisonment following her guilty plea to a charge of conspiracy to distribute and possess with intent to distribute methamphetamine. I imposed the sentence based on the § 3553(a) factors, which, in my view, did not warrant a sentence within the 210-to-240-month Guideline range.

Greenlaw filed a Motion for Compassionate Release on January 24, 2024 (ECF No. 1186).[1] Greenlaw also asks that I appoint counsel to represent her in this endeavor.[2] Greenlaw's Motion is based on the fact that her minor son, age 7, is in the custody of the Maine Department of Health and Human Services after being taken from the home of his father. Greenlaw also relies on the quality of her behavior in incarceration and the

---

[1] I note at the outset that Greenlaw's Motion appears to be procedurally proper. The warden of her facility received her request for release on December 13, 2023 (ECF No. 1186-1), satisfying the 30-day waiting requirement for such requests. *See* 18 U.S.C. § 3582(c)(1)(A).

[2] Technically, Greenlaw's request for counsel is stated in her companion motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) (ECF No. 1190). I interpret her request to include a request for counsel to assist her with her compassionate release motion.

demonstrated progress she has made to date toward her rehabilitation. The Government opposes the request for good and valid reasons. Gov't's Response (ECF No. 1196).

## Request for Counsel

Greenlaw is not entitled to counsel on this matter. "There is no right to counsel in postconviction proceedings," *Garza v. Idaho*, 139 S. Ct. 738, 749 (2019), including a motion for a reduced sentence. Instead, "the appointment of counsel [on a post-conviction motion] must rest in the discretion of the court." *Dirring v. United States*, 353 F.2d 519, 520 (1st Cir. 1965). When determining whether an indigent defendant is entitled to counsel on a post-conviction motion, courts often look to the three-part test for whether to provide court-appointed counsel in the analogous habeas corpus context. *See, e.g., United States v. Pinkham*, No. 2:15-CR-00128-JDL, 2020 WL 7753968, at *2 (D. Me. Dec. 29, 2020) (citing *United States v. Mala*, 7 F.3d 1058, 1063–64 (1st Cir. 1993)). The test asks whether the defendant has "a fair likelihood of success on" his claim, whether the issues raised are "factually complex and legally intricate," and whether "the facts are largely undeveloped." *Mala*, 7 F.3d at 1063–64.

For reasons that follow, Greenlaw has not shown that she is entitled to a court-appointed attorney because she has not demonstrated the existence of an extraordinary and compelling reason for early release.

## Request for Reduced Sentence

A district judge does not have freewheeling authority to "vacate, alter, or revise a sentence previously imposed," and is empowered to do so only in certain "narrowly circumscribed" circumstances. *United States v. Mercado-Flores*, 872 F.3d 25, 28 (1st Cir.

2017). By law, "[t]he court may not modify a term of imprisonment once it has been imposed except [for certain prescribed reasons]." 18 U.S.C. § 3582(c). Federal sentencing law authorizes a court to modify a prior judgment imposing a term of imprisonment in order to release a person from prison when release is justified by "extraordinary and compelling reasons" and the customary § 3553(a) sentencing factors do not militate in favor of a different result. *See* 18 U.S.C. § 3582(c)(1)(A).

Greenlaw explains that one of her minor children is presently in the custody of the Maine Department of Health and Human Services after being removed from his father's home. According to Greenlaw, there is no other family member available to raise the child while Greenlaw is incarcerated. Greenlaw wishes to be released so she can be reunited with the child and provide a home.

Greenlaw's care and concern for her child is understandable, but her relationship with the child has already been compromised by several years of absence. In terms of her ability to provide a suitable home for a child, by all appearances the path forward for Greenlaw is by no means certain, even if her sentence was at an end. I do not mean to suggest that Greenlaw is not capable of parenting. Instead, I mean to emphasize that her ability to parent is an unknown, even if she cohabitates with her boyfriend who, evidently, is successfully raising his own child. Unfortunately, nothing in the record suggests that Greenlaw has ever provided a stable household to any of her children so that I might reasonably predict that she is capable of readily doing so again. Although the removal of a child from another parent's custody might be considered an extraordinary and compelling situation in some cases and for some defendants, I find that Greenlaw has not made a

3

colorable, let alone extraordinary and compelling, showing that she would be prepared to parent upon her release from prison.

Nor, in any event, am I persuaded that early release can be justified by the other sentencing factors. These include the nature and circumstances of the offense, the history and characteristics of the defendant, the need to avoid unwarranted sentencing disparities among defendants, and the need for the sentence imposed:

>  (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
>  (B) to afford adequate deterrence to criminal conduct;
>
>  (C) to protect the public from further crimes of the defendant; and
>
>  (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a).

The circumstances of the offense gave rise to a Guideline sentencing range of approximately twenty years, due in large part to the sheer volume of methamphetamine trafficked by the conspiracy. Early release would not reflect the seriousness of the offense or afford adequate deterrence. And while Greenlaw's personal history and characteristics persuaded me to impose a sentence of ten years, her history and characteristics are not good predictors of Greenlaw's preparedness to parent. For example, Greenlaw's participation in a methamphetamine conspiracy occurred when she was a parent, a fact that only emphasizes the irresponsibility of her demonstrated behavior.

Early release would also deprive Greenlaw of the benefit of a good stretch of clean and sober living and the educational and vocational training that she needs to be able to

4

build a new life after her release. Greenlaw deserves to be commended for taking her rehabilitation seriously, but demonstrated progress toward rehabilitation is not enough to earn an early release based on "extraordinary and compelling" circumstances. Rehabilitation is its own reward. Consequently, even though I am persuaded by Greenlaw that she likely is no longer a threat to society and likely will succeed at finding her feet and remaining sober following her release, I am not persuaded that early release is appropriate or even, necessarily, compassionate.

## Conclusion

Defendant's request for compassionate release and appointment of counsel is DENIED.

**SO ORDERED.**

Dated this 21st day of February, 2024

                                         /s/ Lance E. Walker
                                         UNITED STATES DISTRICT JUDGE