UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:19-cr-00171-LEW-7 |
| | ) | |
| CRYSTAL GREENLAW, | ) | |
| | ) | |
| Defendant | ) | |

**ORDER ON MOTION FOR RECONSIDERATION**

Defendant asked the Court to order her former counsel to provide her with the case file that counsel maintained in this matter. Defendant maintained that she needed the file to assist in the preparation of a request for relief from the judgment in accordance with 28 U.S.C. § 2255. The Court granted the motion. (Order, ECF No. 1214.) The Government, citing in part a protective agreement between the parties, objected to the order. The Government's objection was docketed as a motion for reconsideration.[1] (Motion, ECF No. 1216.)

The Court does not understand the Government to contend that generally, a client is not entitled to his or her file. Indeed, persuasive case law and the Restatement (Third) of the Law Governing Lawyers teach that a lawyer can only refuse to allow a client access to the client's file in limited circumstances. *See United States v. Bartunek*, No. 8:17CR28, 2024 WL 454964, at *1-2 (D. Neb. Feb. 6, 2024) ("'unless substantial grounds exist to refuse,'" a lawyer must, upon request, "'allow a client or former client to inspect and copy

---

[1] The Government also asked the Court to stay its order pending resolution of the motion for reconsideration. The Court granted the request to stay the order. (Order, ECF No. 1218.)

any document possessed by the lawyer relating to the representation.'") (quoting *Restatement (Third) of the Law Governing Lawyers*, § 46(2) (2000)).

The Government instead argues that the Court cannot issue the order because the case in this Court is closed and there is no matter pending on which the Court can issue its order. As part of that argument, the Government suggests that Defendant's request is a request for discovery. Defendant's request, however, is not a request for discovery. Rather, Defendant simply seeks to obtain her case file from her counsel, a lawyer appointed by this Court to represent her. A party's right to his or her file is not dependent upon whether a matter is pending before the Court. The Court, therefore, is not persuaded that the lack of a pending motion precludes the Court from ruling on Defendant's request.

The Government also contends the Court lacks jurisdiction over the request because Defendant has appealed to the First Circuit from the Court's denial of her request for compassionate release. "[A]s a general rule, the filing of appeal 'divests a district court of authority to proceed with respect to any matter touching upon, or involved in, the appeal.'" *United States v. Brooks*, 145 F.3d 446, 455 (1st Cir. 1998) (quoting *United States v. Mala*, 7 F.3d 1058, 1061 (1st Cir. 1993)). Defendant's request for her case file is not a matter that "touches upon" or is "involved in" her appeal from the Court's order denying her request for compassionate release. The Court thus concludes that it retains jurisdiction to consider Defendant's request.

The Government's concern regarding the disclosure to Defendant of two items in the file while she is in custody is difficult to assess in the abstract. The Court understands that generally, the production of certain case-related materials to individuals in custody

could present legitimate security concerns for a custodial facility. Without a review of the documents, however, the Court cannot determine whether Defendant's access to the items cited by the Government must be denied or limited. The Court, therefore, will direct the Government to submit the documents for the Court's review.

Based on the reasoning set forth herein, the Court grants in part the Government's motion for reconsideration. The Court orders:

1. Within 10 days of the date of this order, the Government shall file with the Court in paper form the documents that the Government contends are subject to a protective agreement between the parties and that should not be provided to Defendant. The Court will maintain the documents under seal in paper form and, absent further order of the Court, the documents will not be uploaded to the Court's electronic docket. The Government shall identify the documents for Defendant's former counsel to prevent counsel from producing the materials without a further Court order.

2. Within 14 days of the date of this order, in accordance with the applicable Bureau of Prisons' protocols, Defendant's former counsel shall forward to Defendant a copy of her case file materials currently in counsel's possession, excluding the documents identified by the Government in accordance with paragraph 1 above.

## **NOTICE**

Any objections to this Order shall be filed in accordance with Federal Rule of Criminal Procedure 59.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 15th day of October, 2024.