UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| CRYSTAL GREENLAW, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:19-cr-00171-SDN-7 |
| | ) | 1:25-cv-00035-SDN |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

**RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

Following a guilty plea, Petitioner was convicted of conspiring to distribute methamphetamine; the Court sentenced Petitioner to 120 months in prison. (Judgment, ECF No. 1093.) Petitioner moves pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct her sentence. (Motion, ECF No. 1225.) The Government requests dismissal of the motion. (Response, ECF No. 1232.)

Following a review of the record and after consideration of Petitioner's motion and the Government's request for dismissal, I recommend the Court grant the Government's request and dismiss Petitioner's motion.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

In 2018 and 2019, law enforcement officers investigated a large drug trafficking organization distributing throughout Aroostook County methamphetamine obtained from sources in southern and western states and Mexico. In September 2019, a grand jury indicted Petitioner for: (1) conspiring to distribute and possess with intent to distribute 50 grams or more of methamphetamine or 500 grams or more of a mixture or substance

containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a), and 841(b)(1)(A)(viii); and (2) conspiring to commit money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i), 1957(a), and 1956(h). (Indictment, ECF No. 3.) In 2022, pursuant to a plea agreement, the Government agreed to dismiss the indictment in exchange for Petitioner pleading guilty to a charge contained in a substitute information of conspiring to distribute and possess with intent to distribute a mixture or substance containing methamphetamine. (Plea Agreement, ECF Nos. 653; Guilty Plea, ECF No. 1088.)

At sentencing in November 2022, the Court calculated a total offense level of 37 and a criminal history category of I, which corresponds to a guideline range of 210 to 262 months, but a three-level variance for proceeding by video during the COVID-19 pandemic was also granted, which corresponds to a guideline range of 151 to 188 months in prison. (Sentencing Transcript at 55, 63, ECF No. 1113.) Petitioner's attorney did not dispute the guideline calculations but cited her individual characteristics, background, and acceptance of responsibility while advocating a much lower sentence. (*See id.* at 39.) The Court sentenced Petitioner to 120 months in prison. (Judgment, ECF No. 1093.) Petitioner did not appeal from her conviction or sentence.[1]

---

[1] Along with her § 2255 motion, Petitioner filed an attachment and a motion to consider the attachment. (Motion to Expand the Record, ECF No. 1226; Attachment, ECF No. 1226-1.) Because there is no apparent reason that the Court cannot consider the attachment in support of Petitioner's arguments, and because she filed timely the supporting documents along with her § 2255 petition, I grant the motion and consider her filing.

**DISCUSSION**

**A.      Legal Standards**

A person may move to vacate his or her sentence on one of four different grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction" to impose its sentence; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Knight v. United States*, 37 F.3d 769, 772 (1st Cir. 1994).

"*[P]ro se* habeas petitions normally should be construed liberally in petitioner's favor." *United States v. Ciampi*, 419 F.3d 20, 24 (1st Cir. 2005) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The burden is on the section 2255 petitioner to establish by a preponderance of the evidence that he or she is entitled to section 2255 relief. *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998); *United States v. DiCarlo*, 575 F.2d 952, 954 (1st Cir. 1978). When "a petition for federal habeas relief is presented to the judge who presided at the petitioner's trial, the judge is at liberty to employ the knowledge gleaned during previous proceedings and make findings based thereon without convening an additional hearing." *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993).

A collateral challenge is not a substitute for an appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *Berthoff v. United States*, 308 F.3d 124, 127 (1st Cir. 2002). "[A] defendant's failure to raise a claim in a timely manner at trial or on appeal constitutes a procedural default that bars collateral review, unless the defendant can demonstrate cause for the failure and prejudice or actual innocence." *Berthoff*, 308 F.3d at 127–28.

3

Procedural default is an affirmative defense. *Sotirion v. United States*, 617 F.3d 27, 32 (1st Cir. 2010). The First Circuit has recognized that "federal courts have the authority to consider procedural default *sua sponte*." *Rosenthal v. O'Brien,* 713 F.3d 676, 683 (1st Cir. 2013) (citing *Brewer v. Marshall,* 119 F.3d 993, 999 (1st Cir. 1997)); *see also Daniels v. United States*, 532 U.S. 374, 382–83 (2001) (recognizing that "procedural default rules developed in the habeas corpus context apply in § 2255 cases") (citing *Frady*, 456 U.S. at 167–68).

An allegation of ineffective assistance of counsel can excuse a procedural default if the petitioner demonstrates that counsel's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). The petitioner must also demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A district court reviewing a claim of ineffective assistance of counsel need not address both prongs of the *Strickland* test because a failure to meet either prong will undermine the claim. *Id.* at 697. If a petitioner's "claims fail on the merits, his related claims that counsel rendered ineffective assistance in failing to press the claims at trial or on appeal must also fail." *Tse v. United States*, 290 F.3d 462, 465 (1st Cir. 2002) (per curiam).

Under the law of the case doctrine, "issues disposed of in a prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion." *Singleton v. United States*, 26 F.3d 233, 240 (1st Cir. 1994) (modifications and quotation marks omitted); *see also Elwell v.*

4

*United States*, 95 F.3d 1146, 1996 WL 516138 at *5 (1st Cir. 1996) (holding that a petitioner "is not entitled on collateral review to relitigate issues raised on direct appeal, absent an intervening change in the law"); *White v. United States*, 371 F.3d 900, 902 (7th Cir. 2004) (collecting cases and explaining limited exceptions).

"Evidentiary hearings on § 2255 petitions are the exception, not the norm, and there is a heavy burden on the petitioner to demonstrate that an evidentiary hearing is warranted." *Moreno-Morales v. United States*, 334 F.3d 140, 145 (1st Cir. 2003). A hearing is unnecessary "when a § 2255 petition (1) is inadequate on its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case." *Id.* (quotation marks omitted).

Summary dismissal of a motion is permitted when the allegations are "vague, conclusory, or palpably incredible," even "if the record does not conclusively and expressly belie [the] claim." *Machibroda v. United States*, 368 U.S. 487, 495 (1962). A court can reasonably require a petitioner to supply the court with salient details of the claim prior to permitting discovery or a hearing. *David*, 134 F.3d at 478 (holding that "the district court did not abuse its discretion in refusing to license a fishing expedition").

**B.     Ineffective Assistance Claim**

Petitioner argues that her attorney provided ineffective assistance at sentencing by failing to argue for a downward variance based on an allegedly unfair conversion rate in the guidelines for high-purity methamphetamine. The guideline provision U.S.S.G. § 2D1.1(c) defines a defendant's base offense level from converted drug weight, and the drug weight thresholds contain a 10-to-1 ratio between high-purity methamphetamine (or so-

5

called "actual methamphetamine" or "ice") and low-purity methamphetamine mixture, meaning that for each higher offense level to apply, it takes only one tenth as much pure meth as it does for a mixture containing a detectable amount of meth. *See generally*, *United States v. Razo*, No. 1:11-cr-00184-JAW-1, 2025 WL 1017692, at *6 (D. Me. Apr. 4, 2025). The Sentencing Commission has studied the purity-based disparity issue and noted that some courts have criticized or objected to the disparity because most methamphetamine sold in recent years has been of high purity, but the Sentencing Commission has not amended the guidelines. Some district courts now use the lower purity quantity thresholds for all methamphetamine cases, and some district courts calculate and consider the resulting ranges from both the higher and lower base offense levels on a case-by-case approach. *Id.* at 7–8.

Defense counsel asserts that he was aware of the judicial criticism on the issue since at least 2019. (Pratt Declaration, ECF No. 1235-1.) According to counsel, he and other defense attorneys made similar arguments to judges in this district in other cases with little or no success, and he was previously advised by a local guidelines consultant that the argument was not likely to prevail. Rather than addressing the base offense level, the purity issue, or other guideline issues, counsel and Petitioner decided to focus their sentencing arguments on her unique personal story and on distinguishing her from the other codefendants.

A review of the record reveals no basis that would support a finding that counsel's reasoning was deficient. Petitioner did not refute counsel's assertions about the contemporaneous countervailing concerns regarding the arguments she now proposes. The

6

Court's comments at sentencing about her background and rehabilitative efforts suggest that counsel's strategy was beneficial. Given the significantly below-guidelines sentence ultimately imposed, there is no basis to conclude that "counsel's choice was so patently unreasonable that no competent attorney would have made it." *Tevlin v. Spencer*, 621 F.3d 59, 66 (1st Cir. 2010).

For the same reason, even if Petitioner could establish deficient performance, Petitioner failed to establish prejudice from counsel's decision. The record suggests that in imposing the sentence, the Court was persuaded that Petitioner's unique background was a significant factor and that the Court did not strictly adhere to the guideline calculation. Petitioner has provided no convincing reason or evidence to suggest that the Court would have varied downward to a lesser sentence if counsel had argued the methamphetamine purity issue.

Because Petitioner failed to establish that counsel provided deficient performance or that she suffered any prejudice from counsel's decisions, postconviction relief is not warranted.

## CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases. In addition, I recommend that the Court deny Petitioner's motion for habeas relief under 28 U.S.C. § 2255. I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## **NOTICE**

      A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and shall be filed within fourteen (14) days after the filing of the objection.

      Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 7th day of October, 2025.