UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CRYSTAL GREENLAW, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | 1:19-cr-00171-SDN-7<br>1:25-cv-00035-SDN |

## ORDER

This matter comes before the Court on Petitioner Crystal Greenlaw's *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. ECF No. 1225-1. Ms. Greenlaw argues that she was deprived of the effective assistance of counsel during her sentencing and "seeks resentencing with the effective assistance of counsel to move for a downward variance." *Id.* at 2. In response, the Government argues, with respect to her ineffective assistance of counsel claim, that Ms. Greenlaw has failed to establish either deficient performance or prejudice on the part of her sentencing counsel, and that her motion thus should be denied. ECF No. 1235 at 7. On October 7, 2025, the Magistrate Judge recommended the Court deny Ms. Greenlaw's motion for relief under § 2255, and further concluded an evidentiary hearing on her motion was unwarranted. ECF No. 1239 at 7. Ms. Greenlaw subsequently objected to the Magistrate Judge's Recommended Decision. ECF No. 1242. I have reviewed the Recommended Decision, along with the entire record, and conducted a *de novo* review. For the following reasons, I affirm the Magistrate Judge's Recommended Decision.

## BACKGROUND

On September 10, 2019, the grand jury indicted Ms. Greenlaw for the following offenses: (1) conspiring with sixteen other individuals to distribute and possess with the

1

intent to distribute 50 grams or more of methamphetamine or 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 846, 846(a)(1), and 841(b)(1)(A)(viii), and (2) conspiring with two other individuals to commit money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i), 1957(a), and 1956(h). *See* ECF No. 3. On November 2, 2022, Ms. Greenlaw pleaded guilty to a one-count substitute information of conspiracy to distribute and possess with intent to distribute a mixture or substance containing methamphetamine. *See* ECF No. 1088.

In November 2022, Ms. Greenlaw appeared before the Court for sentencing, where the sentencing Judge adopted the PSR in its entirety and calculated a sentencing guidelines range of 151 to 188 months imprisonment. *See* ECF No. 1113 at 55–56, 63. At the sentencing hearing, Ms. Greenlaw's counsel proffered to the Court details of her personal background, individual characteristics, and acceptance of responsibility, and requested a downward variant sentence to four years total imprisonment. *Id*. at 38–45. The Court ultimately imposed a downward variant sentence of 120 months of imprisonment followed by three years of supervised release, an aggregate sentence of over 30 months below the bottom end of the guidelines range. *Id*. at 63–64; ECF No. 1093.

**PROCEDURAL HISTORY**

On January 28, 2025, Ms. Greenlaw filed her instant petition under 28 U.S.C. § 2255, seeking resentencing based upon ineffective assistance of counsel at the time of sentencing. ECF No. 1225-1. Specifically, Ms. Greenlaw argues constitutionally competent counsel would have argued the sentence advocated for by the Government, and recommended by the guidelines, was "based on the well-recognized sentencing disparity which arises from calculation of drug weight based on meth [sic] (actual) and was out of step with society's evolving understanding of what constitutes an appropriate

punishment" for her offense of conviction. *Id.* at 6. Ms. Greenlaw contends her counsel should have requested a downward variant sentence of 75 months total imprisonment based on the methamphetamine disparity, which she argues is in line with "sentences imposed in recent years in cases with identical guidelines ranges, arising from application of the same guideline with the same primary drug type" for defendants with "identical" criminal history scores. *Id.* at 8–9.[1] Ms. Greenlaw further argues that she has suffered prejudice from counsel's ineffectiveness because "[a]bsent counsel's deficient performance, . . . there is a reasonable probability that the Court would have granted a downward departure and imposed a sentence of 75 months or less." *Id.* at 9.

In response, the Government asserts Ms. Greenlaw can establish neither deficient performance nor prejudice as required to sustain her ineffective assistance claim.[2] ECF No. 1235 at 4. The Government argues the record "shows that trial counsel made reasonable tactical decisions when forming his sentencing strategy"—focusing on Ms. Greenlaw's individual characteristics and background—which he pursued "competently and effectively during the sentencing hearing." *Id.* at 8. Additionally, the Government asserts that sentencing counsel's decision to not pursue the sentencing disparity claim urged by Ms. Greenlaw in her instant motion "was the product of counsel's research and experience" which demonstrated the sentencing disparity argument lacked merit and was not worth pursuing in comparison to other more compelling arguments, particularly within this District. *See id.* at 11—12. Finally, the Government argues Ms. Greenlaw has

---

[1] Ms. Greenlaw does not provide any specific examples of such sentences to support this proposition, either within or outside this District.

[2] As part of its response to Ms. Greenlaw's motion, the Government also filed a Declaration of Ms. Greenlaw's sentencing counsel, in which he discusses the decision-making process and discussions with his client regarding what strategy to pursue at sentencing. *See* ECF No. 1235-1.

3

also failed to demonstrate prejudice based on sentencing counsel's performance, as she provides only conclusory assertions regarding the "appropriate" guidelines range in her case and does not point to anything in the record to support her theory that, "but for trial counsel's failure to make th[e sentencing disparity] argument at sentencing," the Court would have further altered her sentence. *Id.* at 14–15.[3]

## DISCUSSION

### I. Ineffective Assistance

To prevail on an ineffective assistance claim, a defendant must show, "by a preponderance of the evidence, that defendant's trial counsel's conduct fell below the standard of reasonably effective assistance *and* that counsel's errors prejudiced the defense." *González-Soberal v. United States*, 244 F.3d 273, 277 (1st Cir. 2001) (emphasis in original) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). The failure to satisfy either prong of the standard is sufficient to defeat a claim of ineffective assistance. *See, e.g.*, *Malone v. Clarke*, 536 F.3d 54, 64 (1st Cir. 2008). Indeed, "a reviewing court need not address both requirements if the evidence as to either is lacking." *Sleeper v. Spencer*, 510 F.3d 32, 39 (1st Cir. 2007).

The first prong regarding deficient performance of counsel requires the petitioner to demonstrate that her "counsel's performance fell below an objective standard of reasonableness." *Buoi v. United States*, 793 F. Supp. 3d 395, 405 (D. Mass. 2025). In evaluating counsel's performance, a district court "must indulge a strong presumption

---

[3] The Government further points out that "the only thing that would have changed if an alleged methamphetamine disparity had been taken into consideration was the sentencing guideline[s'] recommended range," which the Court stated at sentencing was "one of many considerations it took into account." ECF No. 1235 at 14–15; *see* ECF No. 1113 at 62–64 (discussing other factors the Court considered in fashioning a sentence).

that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. To demonstrate prejudice, the movant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Malone*, 536 F.3d at 64 (quoting *Strickland*, 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. "A petitioner need not prove with complete certainty that trial counsel's performance affected the outcome of the case, but 'the likelihood of a different result must be substantial, not just conceivable.'" *Buoi*, 793 F. Supp. 3d at 405 (quoting *Harrington v. Richter*, 562 U.S. 86, 112 (2011)).

Here, Ms. Greenlaw objects to the Magistrate Judge's conclusions that she has established neither deficient performance of counsel nor any resulting prejudice. *See* ECF No. 1242 at 2, 5. Upon *de novo* review, I find no legal error with the Magistrate Judge's conclusions. In counsel's declaration submitted to this Court, he states he did not address the drug disparity issue at sentencing because he "felt it was an issue that was dead on arrival in Maine and therefore had no merit." ECF No. 1235-1 at 2. Counsel reached this conclusion based on his personal experience arguing before other Judges in this District and after consultation with other experts on the matter. *Id*. Instead, counsel represents he discussed sentencing strategy and tactics with Ms. Greenlaw, and they ultimately agreed to focus on discussing her personal story, which he felt was "very compelling" and "differentiated her from her co-defendants." *Id*. He further states this decision was made in part based on his prior success focusing on the personal stories of defendants before the sentencing Judge and counsel "felt strongly this was the avenue to pursue." *Id*. At sentencing, Ms. Greenlaw's counsel carried out this strategy and the sentencing Judge, in imposing a downward variant sentence, acknowledged "under the rubric of

understanding and evaluating your history and characteristics that . . . your upbringing was not hallmark by lots of advantages, to put it as mildly as I can put it." ECF No. 1113 at 62. Accordingly, I find Ms. Greenlaw's sentencing counsel's performance did not fall below an objective standard of reasonableness as to establish deficient performance. Given the significantly below-guidelines sentence Ms. Greenlaw ultimately received, she cannot overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Because I find Ms. Greenlaw cannot establish deficient performance on the part of sentencing counsel, I need not address whether Ms. Greenlaw has satisfied the requirement of prejudice. *See Sleeper*, 510 F.3d at 39.

## II.     Remaining Objections

Ms. Greenlaw further objects to the Magistrate Judge's conclusion that an evidentiary hearing on her motion is not warranted under the applicable civil rules, and to the Magistrate Judge's recommendation that I further deny a certificate of appealability. *See* ECF No. 1242 at 5–6. Based largely on the foregoing analysis, I affirm each of the Magistrate Judge's conclusions.

"Evidentiary hearings on § 2255 petitions are the exception, not the norm, and there is a heavy burden on the petitioner to demonstrate that an evidentiary hearing is warranted." *Moreno-Morales v. United States*, 334 F.3d 140, 145 (1st Cir. 2003) (citing *United States v. McGill,* 11 F.3d 223, 225 (1st Cir. 1993)). Specifically, an evidentiary hearing "is not necessary when a § 2255 petition (1) is inadequate on its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case." *Id*. (quotation modified) (quoting *United States v. DiCarlo,* 575 F.2d 952, 954 (1st Cir. 1978)). Accordingly, based on my finding that Ms. Greenlaw has failed

6

to establish either deficient performance or prejudice in pursuit of her ineffective assistance claim, I further conclude an evidentiary hearing on her motion is not warranted.

Under 28 U.S.C. § 2253, a Judge may issue a certificate of appealability following a final order on a petitioner's motion for relief under § 2255 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because I find that Ms. Greenlaw has not made a substantial showing of the denial of her constitutional right to effective assistance of counsel, I further affirm and adopt the Magistrate Judge's recommendation to deny a certificate of appealability.

## CONCLUSION

For the foregoing reasons, and for those already explained in the Magistrate Judge's Recommended Decision, Ms. Greenlaw's objections, ECF No. 1242, are **OVERRULED**. The Recommended Decision, ECF No. 1239, is **ADOPTED** and **AFFIRMED** in its entirety. Accordingly, Ms. Greenlaw's motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255, ECF No. 1225, is **DENIED**.

**SO ORDERED.**

Dated this 31st day of December, 2025.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**